MARIA JANOSIK, RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

Argued June 26, 1923—Decided October 5, 1923.

On appeal from the Supreme Court in which the following *per curiam* was filed:

"This is a suit brought by the beneficiary named in a life insurance policy against the company issuing that policy, in which suit there was a judgment below for the plaintiff. The case as disclosed on the evidence is similar in its essential features to the case of *Guarraia* v. *Metropolitan Life Insurance Co.*, 90 *N. J. L.* 682. There can be no question but that when the insured made application for the policy he had been attended by a physician within two years, &c., and that the answers to some of the questions propounded in the application were false answers. This, indeed, is not denied, but the evidence tended to show, and the jury evidently found, after the matter had been submitted to them by the court, that the answers, being representations and not warranties, both under the statute and the policy, were not intentionally false, and this on the theory that the insured was ignorant of English, and that, as the jury found, he was unaware that false answers were going down on the paper. We cannot say that the court was in error in submitting this question to the jury or that the jury was without any legal justification in so finding. Counsel argue that the case is to be distinguished because the present application contains a sort of a general warranty that all the answers thereto were understood and had been truthfully answered, but points similar to this have been several times passed upon in our courts in the case of releases, and it has been held that the matter still remains for the jury to decide as to whether the party signing the paper was misled as to its contents.

"It is claimed for the appellant that error was committed in refusing to charge each of two requests submitted by counsel. We think they are both faulty, as they are predicated solely on the mere knowledge of the assured that he had been treated by a physician or that he was not in sound health, whereas the element of knowledge that he was then stating to the contrary is omitted from the request.

"The judgment under review will be affirmed."

For the appellant, *McCarter & English*.

For the respondent, *Irving Meyers*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   10.

*For reversal*—None.