This is an appeal from a judgment for plaintiff in the sum of $500 entered in the Hudson County District Court pursuant to a jury verdict.
The defendant duly issued its life insurance policy which named Domenica Ciampoli as insured and her husband, the plaintiff Joseph Ciampoli, as beneficiary. The insured could neither read nor sign her name. A daughter of the insured testified that her mother did not want the insurance policy but that the company's agent, Mr. Sparveri, "kept pestering her all the time;" that she was present when her mother affixed her "X" to an application for the insurance; that Mr. Sparveri did not ask her mother any questions other than her age and weight and that, specifically, he did not read the questions which inquired whether she had any disease of the gall bladder or had been confined to a hospital. Mr. Sparveri was not a witness but his assistant, Mr. LaBruno testified *Page 304 
that he was present when the insured affixed her "X" to the application; that Mr. Sparveri had asked the aforementioned questions and that they had been answered "No" as stated in the application. Dr. Del Baglivo testified that the insured had a gall bladder condition and hypertension and had been hospitalized.
The insured died in March, 1946, and the company declined to make payment under the policy because of the alleged misstatements in the application with respect to her condition and attendance at a hospital. Thereupon, the plaintiff instituted his action in the Hudson County District Court and the defendant filed an answer alleging in its first separate defense that the assured had obtained the policy through misrepresentations of material facts regarding her physical condition and attendance at a hospital. In its answer the defendant included a "Counterclaim for Equitable Relief" seeking rescission and cancellation of the policy because of the insured's alleged misrepresentations. At the trial the District Judge ruled that he had no jurisdiction to entertain the counterclaim but that he would permit the defendant's pleading to stand as a separate defense. The defendant does not object to this ruling and we shall, for present purposes, assume, as the defendant contends, that its defense, formerly cognizable in the Court of Chancery as "equitable fraud," was properly permitted to stand as a separate defense. Cf. Rule 7:5-7 and P.L. 1948, c. 385, p. 1568 (R.S. 2:32-10.1).
At the close of the taking of testimony in the case, the defendant moved for a directed verdict on the ground that the insured's signature on the application created a "conclusive presumption" that she had read or understood and assented to its terms and that it contained misrepresentations of material facts relative to her condition and attendance at a hospital. The District Court denied this motion expressing the view that it was for the jury to determine upon the conflicting evidence whether the representations in the application "were those of Mrs. Domenica Ciampoli" and stating that he would charge the members of the jury to return a verdict of no cause of action if they found that the representations *Page 305 
were the insured's. The court then rendered its charge and submitted the case to the jury. We have not considered the accuracy of the charge since there were no objections made to any of its language, no request to charge was submitted in accordance with the rules (Cf. Rule 3:51, 7:1-3) and the only question raised by the defendant on this appeal is whether the District Court committed error in denying its request, on the ground stated, that the jury be directed to find in its favor.
While our courts have generally applied the doctrine that a person who signs an instrument is legally presumed to be aware of its contents and bound thereby (see Williston, Contracts (Rev.Ed. 1936), § 35), they have, under appropriate circumstances, recognized exceptions thereto. Thus, in Stramke v. George A.Raker Co., 109 N.J. Eq. 176, 179 (Ch. 1931), Vice-Chancellor Bigelow stated that, "Inability to read raises an exception to the rule that one will not ordinarily be permitted to prove that he did not understand what appears above his signature." See, also, F.S.T. Corp. v. Onorato, 139 N.J. Eq. 195,199 (Ch. 1947). In Hahn v. Metropolitan Life Ins. Co.,116 N.J.L. 126, 130 (E. A. 1936), the Court of Errors and Appeals in dealing with an insurance application by an insured who, certain testimony indicated, could not read, write or understand the English language, sustained a jury verdict for the plaintiff beneficiary, pointing out, in the course of its opinion, that if the questions in the application "were not asked, it follows that there could not have been answers made by the insured and therefore there could be no representation." And in Janosik v. Metropolitan Life Ins. Co., 99 N.J.L. 279 (E. A. 1923), the same court in dealing with an application by an insured who was "ignorant of English" stated that it was for the jury to decide whether he had been misled as to its contents.
We have determined that, under the cited cases, the District Court was justified in rejecting the defendant's motion that the case be withdrawn from the jury on the ground that the application contained materially false representations *Page 306 
which the insured was conclusively presumed to have made. In reaching this conclusion, weight has been given to the fact that the jury could properly find from the evidence that the insured was illiterate, the application on its face so indicated, she did not request the policy but signed the application because of the persistence of the defendant's agent, none of the pertinent questions were ever asked, and although the answers had, at some time, been inserted by the agent they were never called to the insured's attention.
The judgment of the District Court is affirmed.